## CHATTANOOGA ROOFING & FOUNDRY CO. v. VICKREY.

(Court of Civil Appeals of Texas. Austin. May 28, 1913.)

SALES (§ 384*)—CONSTRUCTION—PRICE.

Where plaintiff on January 18th offered to furnish ironwork for a gross sum, and cornice without covers at $1.50 per foot, and defendant accepted the bid for the ironwork, and plaintiff on February 15th offered cornice with covers at $1.80 per foot, which defendant accepted, with direction to ship at once, and plaintiff immediately began to manufacture the cornice, plaintiff, in a suit to recover the difference between the contract price and the proceeds of the manufactured cornice on a sale at auction after defendant had canceled the order and declined to accept it at any price, if entitled to damages, was entitled thereto on the basis of $1.80 per foot.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1098–1107; Dec. Dig. § 384.*]

Appeal from San Saba County Court; J. T. Hartley, Judge.

Action by the Chattanooga Roofing & Foundry Co. against W. R. Vickrey, with cross-action by plaintiff. From a judgment that plaintiff take nothing by its action, and defendant take nothing by his cross-action, plaintiff appeals. Reversed and remanded.

Walker & Burleson, of San Saba, for appellant. G. A. Walters, of San Saba, for appellee.

JENKINS, J. Appellee is a contractor, and in January, 1912, was figuring with D. E. Coolidge, state agent of appellant, on the ironwork, roofing, cornice, and lintel of a building which appellee was erecting. On the 18th of January appellant wired its said agent that it would furnish the ironwork complete for $1,820, cornice at $1.50 per foot; however, said agent was not authorized to contract, except subject to approval of appellant, it being understood that he would send the plans and specifications to appellant to check up his estimate of material needed. This was done, and on January 23d, appellant wired appellee that they had checked up plans and specifications, and would charge $1,920 for the ironwork. On same day appellee wired that he would accept appellant's bid, which was made on the entire job. On February 15th appellee wrote appellant asking for prices on lintel course, main cornice with covers, and metal ceiling. On February 21st appellant wired price of cornice $1.80 a foot, and also prices on lintel and metal ceiling. On February 26th appellee wired: "Ship cornice immediately, ceiling to follow." On the same day appellant wired confirmation of bid; and on the next day wrote a letter confirming said bid, stating that the order had been entered upon the books. On March 2d appellee wired to cancel order for cornice and ceiling. On the 4th of March, appellant wired cancellation came too late; that cornice was being manufactured. There were several telegrams and letters passed between the parties after this, in which appellee sought to cancel the order, and appellant insisted that the order for cancellation came too late. On March 18th appellee wrote that, in making the order of February 26th, appellee understood that he was to have the cornice at $1.50 per foot, as per prices furnished appellant's state agent on January 18th. To this letter appellant replied that the proposition of January 18th was for cornice without covers, and that the bid requested and accepted on the 26th was for cornice with covers complete, and that as his proposition of January 18th was rejected by appellee, it had nothing to do with their subsequent negotiations. On March 6th appellee wired that he would not accept at any price. Subsequently appellant gave appellee notice that the cornice had been completed on his special order, and was useless, except for scrap iron, and that the

same would be sold at public auction on a date named. This was subsequently done, and appellant instituted this suit to recover the difference between the contract price and the amount for which the cornice was sold at public auction. Appellee filed cross-action to recover damages for failure to furnish the cornice at $1.50 per foot. Appellant canceled the order for ceiling when first requested to do so. There was a trial by jury, and verdict returned that appellant take nothing by its suit, and that appellee take nothing on his cross-action.

It is the contention of appellee that the contract of purchase was based on the figures furnished appellant's state agent on January 18th. The contract between the parties is in writing, evidenced by their telegrams and letters, and these instruments show that the contract price was $1.80 per foot. Had appellant objected to the testimony as to the transaction in January, such objection should have been sustained; or, at least, after all of the testimony was in, appellant would have been entitled to have had it stricken out on motion. Even though such testimony was admitted without objection, and there was no motion to strike same out, the court should have instructed the jury to base their verdict solely upon the contract for $1.80 per foot; and if upon another trial appellant shows that it complied with the contract, it will be entitled to judgment for its damages, if any, based on said contract price.

For the reasons above given, this case is reversed and remanded for another trial, in accordance with this opinion.

Reversed and remanded.